UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CRYSTAL C. GOINS,

        Plaintiff,

v.

C.O. WOSNEACK, C.O. RALPHQUE, and
D. WATKINS, *Deputy Superintendent*[1],

        Defendants.

**DECISION AND ORDER**

6:15-cv-6234 EAW

---

# INTRODUCTION

Plaintiff Crystal C. Goins ("Plaintiff") is an inmate in the custody of the State of New York who is currently confined in the Albion Correctional Facility. The operative pleading in this matter is the Amended Complaint filed on June 10, 2015. (Dkt. 9). In the Amended Complaint, Plaintiff alleges that: (1) on December 20, 2014, while Plaintiff was housed at the Lakeview Shock Facility ("Lakeview"), Defendant C.O. Wosneack sexually assaulted Plaintiff; (2) after Plaintiff filed a grievance against C.O. Wosneack, Defendant C.O. Ralphque threatened Plaintiff, stating that she should have "kept [her] mouth shut" and that "the rest of [her] stay in [Lakeview] was not going to be pleasant,"

---

[1]    Deputy Superintendent Watkins is incorrectly identified in the Amended Complaint as Superintendent Watkins. (Dkt. 13-6 at 7). The Court *sua sponte* amends the caption in this matter to reflect Deputy Superintendent Watkins' correct title.

-1-

and Plaintiff was subjected to punishment; and (3) Plaintiff was removed from the Lakeview Shock Program[2] in April 2015.

Defendants have moved for summary judgment in lieu of an answer, arguing that Plaintiff has failed to exhaust her administrative remedies with respect to the claims raised in the complaint and that Plaintiff's claims fail as a matter of law. (Dkt. 13). For the reasons set forth below, Defendants' motion is granted in part and denied in part.

## BACKGROUND

Plaintiff is an inmate who was previously confined at Lakeview. Plaintiff alleges that on December 20, 2014, while she was incarcerated at Lakeview, Defendant Wosneack pressed his aroused penis against her buttocks and "taunted" her. (Dkt. 9 at 4). Plaintiff further alleges that after she filed a grievance related to Defendant Wosneack's sexual assault, Defendant Ralphque called her into his office and told her that he was angry that she had filed a grievance, that she should have "kept [her] mouth shut," and that "the rest of her stay in [Lakeview] was not going to be pleasant." (*Id.* at 6). Plaintiff claims that she was subjected to "punishment" for having filed her grievance. (*Id.* at 8). Plaintiff further alleges that she was removed from the Lakeview Shock Program in April

---

[2]  The New York State Department of Corrections and Community Supervision ("DOCCS") administers a "shock incarceration program" which "provides selected inmates a special six month program of shock incarceration, stressing a highly structured routine of discipline, intensive regimentation, exercise, and work therapy, together with substance abuse treatment, education, pre-release counseling, and life skills counseling." DOCCS Directive 0086 (September 6, 2013).

2015 because she had a "mental health breakdown" as a result of C.O. Wosneack's sexual assault. (*Id.* at 18-19).

In support of their motion for summary judgment, Defendants submit the declaration of Jeffery Hale, the Assistant Director of the Inmate Grievance Program for DOCCS. (Dkt. 13-3). Assistant Director Hale states that he is the custodian of records maintained by the Central Office Review Committee ("CORC"), the body that renders the final administrative decisions under DOCCS' Inmate Grievance Program pursuant to 7 N.Y.C.R.R. §§ 701 *et seq.* (*Id.* at ¶¶ 1-2). Assistant Director Hale states that Plaintiff has not filed any appeals of grievances to CORC. (*Id.* at ¶ 4).

Plaintiff commenced this lawsuit on April 2, 2015. (Dkt. 1). Pursuant to an Order of the Court dated May 7, 2014, Plaintiff was instructed to file an amended complaint. (Dkt. 8). Plaintiff filed her Amended Complaint on June 10, 2015. (Dkt. 9).

On August 6, 2015, Defendants moved for summary judgment in lieu of an answer. (Dkt. 13). Plaintiff did not file a response to Defendants' motion.

## DISCUSSION

I.  **Legal Standard**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (Rule 56 "mandates

the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

Federal Rule of Civil Procedure 56(b) provides that a party may file a motion for summary judgment "at any time until 30 days after the close of all discovery." A party may move for summary judgment in lieu of an answer. *See, e.g., Anderson v. Rochester-Genesee Reg'l Transp. Auth.*, 337 F.3d 201, 202 (2d Cir. 2003); *Crenshaw v. Syed*, 686 F. Supp. 2d 234, 236 (W.D.N.Y. 2010); *Riehl v. Martin*, No. 9:13-CV-439 GLS/TWD, 2014 WL 1289601, at *1-2 (N.D.N.Y. Mar. 31, 2014); *Beckford v. New York State Office of Mental Health*, No. 06-CV-00561(SR), 2010 WL 1816689, at *1 (W.D.N.Y. May 3, 2010); *Wegman v. Grimmke*, No. 03-CV-234S, 2004 WL 2202642, at *2 (W.D.N.Y. Sept. 30, 2004). However, "[g]enerally, summary judgment is not appropriate until after some discovery has occurred in a case." *Nelson v. Deming*, No. 6:13-CV-06252 EAW, 2015 WL 6452386, at *5 (W.D.N.Y. Sept. 30, 2015). An inmate's alleged failure to exhaust administrative remedies is properly considered on a motion for summary judgment made in lieu of an answer. *See Omaro v. Annucci*, 68 F. Supp. 3d 359, 362 (W.D.N.Y. 2014); *Crenshaw*, 686 F. Supp. 2d at 236.

The standard for granting summary judgment is the same whether the motion is made in lieu of an answer or after discovery has occurred – the moving party must

demonstrate that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. *See Anderson*, 337 F.3d at 206. "Once the moving party has met its burden of demonstrating the absence of a genuine issue of material fact, the nonmoving party must come forward with enough evidence to support a jury verdict in its favor, and the motion will not be defeated merely upon a metaphysical doubt concerning the facts, or on the basis of conjecture or surmise." *Beckford*, 2010 WL 1816689, at *5 (quotation omitted).

## II.   Failure to Exhaust

Defendants argue in support of their motion for summary judgment that Plaintiff has failed to exhaust her administrative remedies with respect to her claims, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e (the "PLRA"). Pursuant to the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

> To satisfy that requirement, prisoners in New York must ordinarily follow a three-step . . . grievance process. The first step in that process is the filing of a grievance with the Inmate Grievance Resolution Committee. Next, the inmate may appeal an adverse decision to the prison superintendent. Finally, the inmate may appeal the superintendent's decision to the Central Office Review Committee ("CORC"). In general, it is only upon completion of all three levels of review that a prisoner may seek relief in federal court under § 1983.

*Crenshaw*, 686 F. Supp. 2d at 236 (citations omitted) (granting motion for summary judgment filed in lieu of answer because plaintiff did not file grievances or appeals to CORC).

In addition to the normal grievance process, when an inmate in the custody of DOCCS makes an allegation of sexual abuse, the allegation is referred to the Inspector General's Office, which performs an investigation. *See Amador v. Andrews*, 655 F.3d 89, 98 (2d Cir. 2011) ("[A]n IG investigation of alleged acts of sexual abuse is an integral part of the internal grievance procedure."). The Inspector General's determination following its investigation can also be appealed to CORC. *Id.* ("[A]n IG determination about abuse of an inmate can be appealed to CORC when the determination is reported to and accepted by the superintendent.").

Defendants have submitted competent evidence that Plaintiff did not appeal any complaints or grievances to CORC. As a result, Plaintiff's claims are subject to dismissal unless her failure to exhaust is excused. Although Plaintiff has not opposed Defendants' motion, in light of her *pro se* status, the Court considers whether Plaintiff's failure to exhaust is excused pursuant to the three-part inquiry established by the Second Circuit in *Hemphill v. New York*, 380 F.3d 680 (2d Cir. 2004). In *Hemphill*, the Second Circuit held that:

> a three-part inquiry is appropriate in cases where a prisoner plaintiff plausibly seeks to counter defendants' contention that the prisoner has failed to exhaust available administrative remedies as required by the PLRA, 42 U.S.C. § 1997e(a). Depending on the inmate's explanation for

the alleged failure to exhaust, the court must ask whether administrative remedies were in fact 'available' to the prisoner. The court should also inquire as to whether the defendants may have forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it, or whether the defendants' own actions inhibiting the inmate's exhaustion of remedies may estop one or more of the defendants from raising the plaintiff's failure to exhaust as a defense. If the court finds that administrative remedies were available to the plaintiff, and that the defendants are not estopped and have not forfeited their non-exhaustion defense, but that the plaintiff nevertheless did not exhaust available remedies, the court should consider whether 'special circumstances' have been plausibly alleged that justify 'the prisoner's failure to comply with administrative procedural requirements.'

*Id.* at 686 (citations omitted). There is no "right to a jury trial on factual disputes regarding an inmate's failure to exhaust administrative remedies as required by the PLRA. . . ." *Messa v. Goord*, 652 F.3d 305, 308 (2d Cir. 2011).

There is an open question regarding the continuing vitality of portions of the *Hemphill* framework following the United States Supreme Court's decision in *Woodford v. Ngo*, 548 U.S. 81 (2006) that the PLRA requires "proper exhaustion." *See Amador*, 655 F.3d at 102 ("Subsequent decisions have questioned the continued viability of this framework following the Supreme Court's decision in [*Woodford*]."). In particular, the continuing viability of the estoppel and special circumstances inquiries has been drawn into question. *Id.* The Second Circuit has repeatedly declined to reach this issue. *See id.* (collecting cases and declining to reach the issue); *see also Heyliger v. Gebler*, 624 F. App'x 780, 782 (2d Cir. 2015) ("We have previously noted that the Supreme Court's decision in *Woodford v. Ngo*, which held that § 1997e(a) requires 'proper exhaustion,' may call certain of these exceptions into question. As in those cases, however, we need

not decide that issue here because Heyliger has failed to satisfy the PLRA even under our pre-Woodford precedents.") (citations omitted). "In the absence of a clear indication that *Hemphill* has been overruled, this Court has no choice but to treat it as good law." *Smith v. City of New York*, No. 12 CIV. 3303 CM, 2013 WL 5434144, at *9 (S.D.N.Y. Sept. 26, 2013).

Here, Plaintiff alleges that C.O. Ralphque threatened her with retaliation for filing a grievance related to C.O Wosneack's purported sexual assault. "Where an inmate is threatened with retaliation if [s]he files a grievance, [her] failure to exhaust [her] administrative remedies may (or may not) be excusable on all three grounds [enumerated in *Hemphill*]." *Id.* at *9. With respect to the first *Hemphill* inquiry, a threat is sufficient to render grievance procedures unavailable if "a similarly situated individual of ordinary firmness would have deemed [the procedure] [un]available." *Hemphill v. New York*, 380 F.3d 680, 688 (2d Cir. 2004).

The scant record before the Court does not justify entry of summary judgment in Defendants' favor with respect to exhaustion. Plaintiff has affirmatively alleged that she was threatened with retaliation for pursuing grievances. (Dkt. 9 at ¶ 6). These allegations "are corroborated to a degree by the fact that plaintiff waited until [s]he had been transferred . . . to a different facility before filing the complaint in this action, and suggest that the circumstances were such that a similarly situated individual of ordinary firmness [would] have deemed [ordinary grievance procedures] unavailable." *Thomas v.*

-8-

*Cassleberry*, No. 03-CV-6394L, 2007 WL 1231485, at *2 (W.D.N.Y. Apr. 24, 2007) (quotations and citations omitted) (denying motion for summary judgment); *see also Mimms v. Carr*, No. 09-CV-5740 NGG LB, 2011 WL 2360059, at *5 (E.D.N.Y. June 9, 2011), *aff'd*, 548 F. App'x 29 (2d Cir. 2013) (allegations that plaintiff was disciplined in retaliation for filing previous grievances sufficient to show that conduct would have deterred a similarly situated inmate of ordinary firmness from pursuing further grievances or appeals). As a result, Defendants' request for summary judgment on the basis of failure to exhaust is denied.

### III. Defendants' Additional Arguments

Defendants have also argued that they are entitled to summary judgment as to Plaintiff's individual claims because they fail as a matter of law. (Dkt. 13-6 at 4-7). The Court considers each of these arguments below.

#### A. Plaintiff's Claim Against C.O. Wosneack

Defendants argue that Plaintiff has failed to state a claim against C.O. Wosneack, relying on *Boddie v. Schnieder*, 105 F.3d 857 (2d Cir. 1997), and its progeny. In *Boddie*, the Second Circuit explained that "severe or repetitive sexual abuse of an inmate by a prison officer can be objectively, sufficiently serious enough to constitute an Eighth Amendment violation." *Id.* at 861. The Second Circuit "held, however, that Boddie failed to state an Eighth Amendment claim after a female corrections officer made a pass at an him, squeezed his hand, touched his penis, called him a 'sexy black devil,' and

bumped into him 'with her whole body vagina against penis.'" *Crawford v. Cuomo*, 796 F.3d 252, 257 (2d Cir. 2015) (quoting *Boddie*, 105 F.3d at 859-60).

The Second Circuit's decision in *Crawford*, which was decided after the instant motion was filed, forecloses Defendants' argument. In *Crawford*, the Second Circuit revisited the circumstances in which sexual contact with an inmate by a corrections officer violates the Eighth Amendment and held that "[a] corrections officer's intentional contact with an inmate's genitalia or other intimate area, which serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or humiliate the inmate, violates the Eighth Amendment." 796 F.3d at 257. The Second Circuit further explained that "conduct that might not have been seen to rise to the severity of an Eighth Amendment violation 18 years ago may now violate community standards of decency, and for that reason, we believe that the officer's conduct in *Boddie* would flunk its own test today." *Id.* at 260.

In this case, Plaintiff has plausibly alleged that C.O. Wosneack intentionally touched her in an intimate area (i.e. by rubbing his penis against her buttocks) with the intent to gratify his own sexual desire and for no legitimate penological purpose. Under the standard set forth in *Crawford*, Plaintiff has plausibly stated a claim for a violation of her Eighth Amendment rights.

### B. Plaintiff's Claim Against C.O. Ralphque

Defendants argue that C.O. Ralphque's actions, as alleged by Plaintiff, do not rise to the level of a claim for either retaliation or an Eighth Amendment violation. The Court is not persuaded by this argument.

With respect to retaliation, "[t]o state a First Amendment retaliation claim, a prisoner must demonstrate (1) protected speech or conduct, (2) adverse action by the defendant, and (3) a causal connection between the two." *Nelson v. McGrain*, No. 6:12-CV-6292 (MAT), 2015 WL 7571911, at *1 (W.D.N.Y. Nov. 24, 2015). The filing of prison grievances is a protected activity. *Id.* With respect to the adverse action prong, "'[o]nly retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights constitutes an adverse action.'" *Id.* (quoting *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003)). "[T]his is essentially the same standard for showing unavailability of remedies under *Hemphill*. . . ." *Id.* at *4.

Contrary to Defendants' arguments, the alleged retaliation in this matter rises beyond the level of vague verbal threats such as "we going to get you." *Bartley v. Collins*, No. 95 CIV. 10161 (RJH), 2006 WL 1289256, at *6 (S.D.N.Y. May 10, 2006). Plaintiff specifically alleges that she was subjected to "punishment" as a result of filing a grievance. (Dkt. 9 at 8). Plaintiff further alleges that the punishment and threats were sufficiently severe that she had a "mental health break down" and is now required to take anti-depressants. (*Id.*). Given that no discovery has occurred in this matter, the Court

-11-

cannot find as a matter of law that these allegations are unsupported or that Plaintiff's retaliation claim against C.O. Ralphque fails. Because the Court finds that Plaintiff has adequately alleged a retaliation claim against C.O. Ralphque, it does not reach Defendants' argument that C.O. Ralphque should be dismissed from this action because Plaintiff has failed to allege Eighth Amendment violations.

### C.  Plaintiff's Claim Against Deputy Superintendent Watkins

Finally, Defendants argue that Plaintiff's claim against Deputy Superintendent Watkins fails as a matter of law because Deputy Superintendent Watkins was not responsible for Plaintiff's removal from the Lakeview Shock Program. The Court agrees.

Defendants have submitted competent evidence that Plaintiff was removed from the Lakeview Shock Program because she received a sustained Tier III misbehavior report in April 2015. (Dkt. 13-5 at ¶¶ 3-6). Defendants have also submitted competent evidence that prison rules provide that removal from the shock program is automatic when an inmate receives a sustained Tier III misbehavior report. (*Id.*). Nothing in Plaintiff's Amended Complaint supports the inference that Deputy Superintendent Watkins was personally responsible for Plaintiff's removal from the Lakeview Shock Program.

Moreover, the Second Circuit has found that state prisoners generally have no constitutional right to participate in a shock program. *See Klos v. Haskell*, 48 F.3d 81, 88 (2d Cir. 1995); *see also Dudley v. Coombe,* No. 96 CIV. 1665 (MGC), 1997 WL 423074,

at *3 (S.D.N.Y. July 28, 1997) (participation in various prison programs such as shock programs is "not a right but a revocable privilege"). In light of this law, the Court concludes that discovery is unnecessary with respect to this claim. The Court grants Defendants' motion for summary judgment with respect to Plaintiff's claim against Deputy Superintendent Watkins.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is granted as to Plaintiff's claim against Deputy Superintendent Watkins and otherwise denied. The Clerk of Court is instructed to terminate Deputy Superintendent Watkins as a defendant in this matter. The remaining Defendants are ordered to answer the remaining claims set forth in the Amended Complaint within 20 days of entry of this Decision and Order.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: March 30, 2016
      Rochester, New York